## *Freeman &c. vs. Brown.*

Error to the Estill circuit court; GEO. SHANNON, Judge.

*Pleading. Usury. Process. Absent defendants.*

Judge MILLS, delivered the Opinion of the Court.

The bill of the complainant is brought to scale a note, on which judgment at law is obtained, and payable in dollars, to a specie standard, on the ground that the note was given for paper of the bank of the commonwealth loaned to him, and was drawn, by fraud or mistake, payable in dollars, omitting to say that it was to be paid in paper.

The defendant admits the loan, and denies the fraud and mistake. The court below, scaled the demand and perpetuated the injunction for part of the demand.

*It is sufficient, in a bill to be relieved against a bond for lawful money given for the nominal amount of depreciated notes, to allege the borrowing and lending, without averring the transaction was usurious: the court will apply the name and the law.*

We conceive it immaterial, whether there was a fraud or mistake in drawing the note, or not. For if there was none, the transaction is clearly usurious by the defendants own shewing. In answer to this, it is said that this bill does not charge usury or rely upon it, and without expressly pleading it, no relief on that account can be given.

The complainant has charged a borrowing and lending, and a payment stipulated for beyond legal interest. The defendant admits these charges. The substance of usury is therefore relied on, and it is as easy for the chancellor to find out, and give it the proper *name* of usury, as it would be if the parties had used the name. The substance is that to which the chancellor looks. If the facts are in the pleadings, the chancellor will draw the proper conclusion of law.

The defendant insists that the money was due him, from a third person, and that in specie, and he had refused to take bank paper for the debt; that it was this specie debt which was loaned and the transaction only amounted to an exchange of securities: the complainant's note payable in specie, for this third person's note due in specie. In this the proof has failed. It is evident that although the money loaned to the complainant, was gotten from this third

FREEMAN &c person, for a specie debt, yet it was taken by the de-
vs.      fendant himself, and then left in the hands of a de-
BROWN.   pository, to be loaned to the complainant on note
and security given to the satisfaction of the defend-
ant.

But the court below has erred in enjoining $115 of
the principal of the note with its interest, when, ac-
cording to the proof, it ought to have been only
$105; and for this error the decree must be revers-
ed.

Certificate of   There is also, an irregularity in decreeing over
the publica-   against the defendant Freeman, in favor of his co-
tion against   defendant, not only because the decree is for too
an absent de-   much by the aforesaid ten dollars, for which the in-
fendant, must   junction was perpetuated beyond what it ought
appear, by   to have been; but also because the order of publica-
the certifi-
cate or other-   tion against the defendant Freeman, to answer the an-
wise, to have   swer of his co-defendant, his assignee, is certified to
been made by   have been inserted in the public paper by some per-
the editor or   son, who is not stated by himself, or proved in the
publisher.   record, to be the editor or publisher of the paper,
and according to former decisions, such proof of
publication is insufficient.

The decree is therefore reversed with costs, and
cause remanded, with directions for such proceed-
ings and decree as shall not be inconsistent with this
opinion.

*Turner* for plaintiffs; *Breck* for defendant.